## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH A. WRIGHT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00465-N |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Social Security Claimant/Plaintiff Kenneth A. Wright has brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*., and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.  With the consent of the parties (*see* Doc. 18), the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.  (*See* Doc. 19).

Upon consideration of the parties' briefs (Docs. 14, 15) and the administrative record (Doc. 13) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])"),[1] the Court finds that the Commissioner's decision is due to be

---

[1] With the Court's consent, the parties jointly waived the opportunity for oral argument. (*See* Docs. 17, 20).

**REVERSED** and **REMANDED**.

## I.     Background

On March 10, 2011, Wright filed applications for DIB and SSI with the Social Security Administration ("SSA"),[2] both alleging disability beginning September 25, 2010.[3]   (R. 19).   After his applications were initially denied, Wright requested a hearing, which was held before an Administrative Law Judge ("ALJ") for the SSA on March 13, 2013.   (R. 19).   On April 8, 2013, the ALJ issued an unfavorable decision on Wright's applications, finding him "not disabled" under the Social Security Act.   (*See* R. 16 – 29).

Wright requested review of the ALJ's decision by the Appeals Council for the SSA's Office of Disability Adjudication and Review.   The Commissioner's decision on Wright's applications became final when the Appeals Council denied Wright's request for review on September 2, 2014.   (*See* R. 1 – 5).   On October 6, 2014, Wright filed this action under §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision.   (Doc. 1).     *See* 42 U.S.C. § 405(g) ("Any individual,

---

[2] The Social Security Act's general disability insurance benefits program ('DIB') provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. 423(a). The Social Security Act's Supplemental Security Income ('SSI') is a separate and distinct program.   SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. 1382(a), 1382c(a)(3)(A)-(C).

[3] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file.   20 C.F.R. § 416.202–03 (2005).   For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured.   42 U.S.C. § 423(a)(1)(A) (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.   <u>Standard of Review</u>

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))).  However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8

(11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))).   " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' "  *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons.  [The court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted).  "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).   Moreover, "[t]here is no presumption…that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid. Instead, [the court] conduct[s] 'an exacting examination' of these factors."  *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)) (internal citation omitted).  In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131

(11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").  " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. Feb. 11, 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014).  *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although the "claimant bears the burden of demonstrating the inability to return to [his or] her

---

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.   In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When, as here, "no new evidence is presented to the Appeals Council and it denies review, then the administrative law judge's decision is necessarily reviewed as the final decision of the Commissioner..." *Ingram*, 496 F.3d at 1262.

### III.   <u>Claim on Judicial Review</u>

The ALJ "reversibly erred in failing to give significant weight to opinion of Plaintiff's treating physician, Mark Pita, M.D., who offered an opinion on the severity of the claimant's pain." (Doc. 14 at 1).

### IV.   <u>Analysis</u>

At Step One, the ALJ determined that Wright was insured through June 30, 2013, and had "not engaged in substantial gainful activity since September 25, 2010, the alleged [disability] onset date..."   (R. 21).   At Step Two, the ALJ determined that Wright had the following severe impairments: hypothyroidism, migraine headaches, status post cerebrovascular accident, arteriovenous malformation, grade I carotid stenosis, bradycardia, hypertension, obesity, lower extremity edema, and generalized anxiety disorder.   (R. 21).   At Step Three, the

ALJ found that Wright did not have an impairment or combination of impairments

that meets or equals the severity of one of the specified impairments in the relevant

Listing of Impairments.  (R. 22).

> At Step Four,
>
> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Wright had the RFC "to perform sedentary work as

defined in 20 CFR 404.1567(a) and 20 CFR 416.967(a)[,]"[6] with certain limitations

---

[6] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification …has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4.  "Sedentary work involves lifting no

(R. 23).   Based on this RFC, the ALJ determined that Wright was "unable to perform any past relevant work…" (R. 27).   At Step Five, the ALJ then determined that there exist significant numbers of jobs in the national economy that Wright could perform given his RFC, age, education, and work experience – specifically, surveillance systems monitor, bench handler, and office helper.  (R. 28 – 29).  Thus, the ALJ found that Wright was not disabled under the Social Security Act.  (R. 29).

Evidence considered by the Commissioner in making a disability determination may include medical opinions.  *See* 20 C.F.R. §§ 404.1527(a)(2) & 416.927(a)(2). " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).   "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. Sept. 26, 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)).   "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1)

---

more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567(a), 416.967(a).

whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. Sept. 30, 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)).

The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth*, 703 F.2d at 1240. *Accord, e.g.*, *Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 763 (11th Cir. 2011) (per curiam) (unpublished). However,

> the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel*, 631 F.3d at 1179.

"A 'treating source' (i.e., a treating physician) is a claimant's 'own physician,

psychologist, or other acceptable medical source who provides[], or has provided[],[ the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant].' " *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 591 (11th Cir. May 2, 2006) (per curiam) (unpublished) (quoting 20 C.F.R. § 404.1502). "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.' " *Winschel*, 631 F.3d at 1179 (quoting *Lewis*, 125 F.3d at 1440). That is so because treating sources are likely in a better position "to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.' With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41) (internal citation omitted). *See also, e.g.*, *Bloodsworth*, 703 F.2d at 1240 ("[T]he opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or where it is unsubstantiated by any clinical or laboratory findings. Further, the Secretary may reject the opinion of any physician when the evidence supports a contrary conclusion." (citation omitted)).

Wright's sole claim on judicial review is that the ALJ reversibly erred in assigning less than substantial weight to the opinion of treating physician Dr. Mark Pita, who is one of several medical professionals with the Mobile County Health Department that provided medical evidence in this case.  The ALJ summarized Dr. Pita's opinion as follows:

> The claimant's treating physician, Dr. Pita, provided a medical source statement in December 2011.  Dr. Pita opined that physical activities, such as walking, standing, lifting, etc. would greatly increase the claimant's symptoms and cause distraction from task or total abandonment of task.  Dr. Pita further opined that the claimant cannot engage in any form of gainful employment on a repetitive, competitive and productive basis over an eight hour workday, forty hours a week, without missing more than two days of work per month or experiencing frequent interruptions to his work routine due to symptoms of his medical problems (Exh. B11F [R. 393]).

(R. 26).

The ALJ assigned "no substantial weight" to the opinion because it was "inconsistent with the examination notes and reports in Exhibits B10F [R. 339 – 392] and B16F [R. 455 – 473]."  (R. 26).  Wright asserts that this statement does not meet the requirement that the ALJ "state **with particularity** the weight given to [Dr. Pita's] medical opinion[] and **the reasons therefor**."  *Winschel*, 631 F.3d at 1179 (emphasis added).  The Court agrees that, standing alone, this summary citation to two exhibits, collectively consisting of over seventy pages of medical records, is insufficient, as the Court is  unable to determine what inconsistencies the ALJ relied on to justify assigning less than substantial weight to the opinion.  *See id.* ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale

might have supported the ALJ's conclusion." (quotations omitted)); *Perez v. Comm'r of Soc. Sec.*, No. 14-14671, 2015 WL 5042654, at *10 (11th Cir. Aug. 27, 2015) (per curiam) (unpublished) ("[T]he ALJ stated Dr. Hasbun's opinion about Perez's limitations contradicted Dr. Hasbun's own contemporaneous treatment notes; however, this statement was conclusory, because the ALJ did not identify any contradictions." (finding this reason, as stated, "insufficient" to reject treating physician's opinion)); *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) ("[C]onclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion."). [7]

Accordingly, the Court **SUSTAINS** Wright's lone claim of error and finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED**. On remand, should the Commissioner again decide to assign less than substantial

---

[7] The Commissioner's brief provides a more in-depth discussion of Exhibits B10F and B16F, citing numerous sections of those records purporting to support the ALJ's decision, and also cites other record evidence that is contrary to Dr. Pita's opinion. However, the Court cannot affirm based on such *post hoc* reasoning. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. Dec. 5, 2011) (per curiam) (unpublished) ("The Commissioner argues that Dr. Janush's opinion was rendered two years after Dempsey's last insured date and there is no specific medical evidence that Dempsey had mental limitations during the period she was insured. However, the ALJ did not offer this explanation in his decision. We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.' *See Owens*, 748 F.2d at 1516."); *Hubbard v. Colvin*, No. 15-12920, 2016 WL 624403, at *3 (11th Cir. Feb. 17, 2016) (per curiam) (unpublished) ("Despite identifying multiple 'careless' errors in the ALJ's opinion, the district court relied on Hubbard's work history, 'along with his ability to perform basic personal tasks like driving, paying bills, and performing self-care functions,' to affirm the ALJ's decision … [I]n relying on evidence of Hubbard's ability 'to perform basic personal tasks,' the district court affirmed based on its own post hoc rationale. However, we decline to affirm using reasoning that 'might have supported the ALJ's conclusion' but was not offered by the ALJ himself. *See Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam).").

or considerable weight to Dr. Pita's opinions, she must clearly articulate good cause for doing so.[8]

## V.     Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision issued September 2, 2014, denying Wright's applications for DIB and SSI benefits is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings consistent with this decision.  This remand under sentence four of § 405(g) makes Brownlow a prevailing party for purposes of the Equal Access

---

[8]

> There is language in *MacGregor v. Bowen,* 786 F.2d 1050 (11th Cir. 1986), for the proposition that, if an ALJ fails clearly to articulate reasons for discounting the opinion of a treating physician, that evidence must be accepted as true as a matter of law. However, []earlier decisions had remanded cases to the agency when there was a failure to provide an adequate credibility determination. *See, e.g., Owens*[ *v. Heckler*]*,* 748 F.2d [1511,] 1516[ (11th Cir. 1984)]; *Wiggins v. Schweiker,* 679 F.2d 1387, 1390 (11th Cir. 1982). Pursuant to the prior precedent rule, [courts] are bound by the holding of the first panel to address an issue of law, unless and until it is overruled by [the Eleventh Circuit] sitting *en banc* or the Supreme Court. *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*). Accordingly, rather than broadly accept the doctors' opinions as true, [courts] will remand to the agency so that it can make a determination in the first instance of the proper weight to be afforded to those opinions.").

*Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 835 (11th Cir. June 22, 2011) (per curiam) (unpublished).  *Accord Dempsey*, 454 F. App'x at 732 n.5 (same); *Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 n.1 (11th Cir. Dec. 19, 2011) (per curiam) (unpublished) (same).  *But see Fleming v. Comm'r, Soc. Sec. Admin.*, 550 F. App'x 738, 740 (11th Cir. Dec. 17, 2013) (per curiam) (unpublished) (noting *MacGregor*'s "accept as true" holding without comment and remanding "the case to the ALJ to give proper weight to all of the medical opinions presented at the administrative hearing"); *Snyder v. Comm'r of Soc. Sec.*, 330 F. App'x 843, 849 (11th Cir. May 29, 2009) (per curiam) (unpublished) ("[O]n remand the ALJ must not only reconsider step four, but also complete the sequential evaluation in step five based on the current record.  In making a residual functional capacity determination, the ALJ must accept as true []Dr. Oliverio's opinion … See … *MacGregor,* 786 F.2d at 1053."); *Newton v. Astrue*, 297 F. App'x 880, 884 (11th Cir. Oct. 23, 2008) (per curiam) (unpublished) (similar).

to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

Under Federal Rule of Civil Procedure 54(d)(2)(B), the Court hereby grants Wright's counsel an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days after receipt of a notice of award of benefits from the SSA.  *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 26th day of February 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**