IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH A. WRIGHT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00465-N |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on the motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (Doc. 23) filed by the Defendant Commissioner of Social Security ("the Commissioner"). Plaintiff Kenneth A. Wright has timely filed a response (Docs. 25, 26) in opposition to the motion. The Commissioner was given an opportunity to filed a reply to the response (*see* Doc. 24) but did not do so. The Rule 59(e) motion is now under submission and is ripe for disposition. Upon consideration, the Court finds that the motion to alter or amend (Doc. 23) is due to be **DENIED**.

### I.  Legal Standards

> "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam).*Accord, e.g.*, *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1266-67 (11th Cir. 2015) (per

curiam), *cert. denied*, 136 S. Ct. 1661 (2016).

## II. **Background**

Wright brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner denying him benefits under the Social Security Act. On February 26, 2016, the Court reversed the Commissioner's decision, remanded Wright's case to the Commissioner under sentence four of § 405(g) for further proceedings, and entered final judgment accordingly. (Docs. 21, 22). In so doing, the Court sustained Wright's lone claim of error: that the Administrative Law Judge ("ALJ") "reversibly erred in failing to give significant weight to opinion of Plaintiff's treating physician, Mark Pita, M.D., who offered an opinion on the severity of the claimant's pain." (Doc. 21 at 7 (quoting Doc. 14 at 1)).

Specifically, the Court noted that "[t]he ALJ assigned 'no substantial weight' to [Dr. Pita's] opinion because it was 'inconsistent with the examination notes and reports in Exhibits B10F and B16F.' " (Doc. 21 at 12 (record citations omitted)). The Court, agreeing with Wright, held that "standing alone, this summary citation to two exhibits, collectively consisting of over seventy pages of medical records, is insufficient, as the Court is unable to determine what inconsistencies the ALJ relied on to justify assigning less than substantial weight to the opinion." (*Id.*).

On March 22, 2016, the Commissioner timely filed[1] the present motion to alter or amend the judgment, requesting that the Court vacate its previous

---

[1] I.e., within "28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

judgment and affirm the Commissioner's decision under §§ 405(g) and 1383(c)(3). (Doc. 33).

### III. <u>Analysis</u>

In finding insufficient the ALJ's articulated reason for assigning less than substantial weight to Dr. Pita's opinion, the Court noted: "The Commissioner's brief provides a more in-depth discussion of Exhibits B10F and B16F, citing numerous sections of those records purporting to support the ALJ's decision, and also cites other record evidence that is contrary to Dr. Pita's opinion. However, the Court cannot affirm based on such *post hoc* reasoning." (Doc. 21 at 13 n.7). The Commissioner argues that the Court committed "a clear error of law" by "affirmatively ignor[ing] record evidence that was purportedly not discussed in the ALJ's decision" (Doc. 23-1 at 2), thus contravening longstanding Eleventh Circuit precedent holding that courts "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). *See also, e.g.*, *Lewis v. Callahan*, 125 F.3d 1436, 1439-40 (11th Cir. 1997) ("We will not disturb the Commissioner's decision if, in light of the record as a whole, it appears to be supported by substantial evidence. *See* 42 U.S.C. § 405(g); *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986).").

The Commissioner also argues, in the alternative, that the ALJ's stated reason for discounting Dr. Pita's opinion was adequately explained by the ALJ's more specific references to portions of Exhibits B10F and B16F noted elsewhere in

his decision. Thus, the Commissioner argues, the Court made a "clear error of fact" in determining that the ALJ's made only a "summary citation" to those exhibits in assigning weight to Dr. Pita's opinion.

The "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor*, 786 F.2d at 1053 (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) (West Supp. 1982) (emphasis added). As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (footnote and some citations and quotation marks omitted)). " 'A determination that is supported by substantial evidence may be meaningless ... if it is coupled with or derived from faulty legal principles.' " *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (per curiam) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). This Court "review[s] *de novo* the Commissioner's conclusions of law … 'The [Commissioner]'s failure to apply the correct law or **to provide the reviewing court with sufficient reasoning for determining that the proper legal**

**analysis has been conducted** mandates reversal.' " *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (emphasis added) (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).  *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In this Circuit, it is well-established that, "[a]bsent 'good cause,' an ALJ is to give the medical opinions of treating physicians substantial or considerable weight. Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  With good cause, an ALJ may disregard a treating physician's opinion, but he must clearly articulate the reasons for doing so." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citations and quotations omitted).  *Accord, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

> Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel*, 631 F.3d at 1179 (emphasis added).

The Commissioner argues that the Court improperly expanded the scope of the *Owens* holding repeated in *Winschel*, *see supra*, in declining to consider the record evidence cited in her brief.[2]  The Commissioner points out that the *Owens* holding was announced in the context of an "ALJ's failure to make any finding at all on the credibility of the testimony relating to [an] issue" in dispute, *Owens*, 748 F.2d at 1515, whereas here the ALJ did state the weight given to Dr. Pita's opinion and a reason therefore, however conclusory it may have been.  The Commissioner also argues that *Winschel* "doe not purport to expand [*Owens*'s] scope."  (Doc. 23-1 at 5).

In declining to consider the Commissioner's *post hoc* citation of evidence that she asserts supports the ALJ's statement of "good cause" in discounting Dr. Pita's opinion, the Court cited two Eleventh Circuit cases that, in turn, each relied on *Owens* in declining affirm an ALJ's deficient express reasoning based on *post hoc* rationales advanced for the first time on judicial review.  (*See* Doc. 21 at 13 n.7). In *Hubbard v. Colvin*, No. 15-12920, 2016 WL 624403 (11th Cir. Feb. 17, 2016) (per curiam) (unpublished), the district court, despite "identifying multiple 'careless' errors" in the ALJ's reasoning, relied on its own analysis of record evidence of to affirm the decision.  2016 WL 624403, at *3.  The Eleventh Circuit stated that, "in

---

[2] Indeed, the Commissioner appears to disagree with the reasoning of *Owens* itself, particularly its reliance *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), a non-Social-Security decision which the Commissioner asserts "cannot be read as instructing a reviewing court to ignore record evidence in a Social Security case." (Doc. 23-1 at 5 n.1).  Whatever the wisdom of *Owens*'s reliance on *Chenery Corp.*, it is not the province of the district court to question the binding reasoning of a circuit court, and Rule 59(e) motions "are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal."  *Lee v. Thomas*, Civil Action No. 10-0587-WS-M, 2012 WL 3137901, at *2 (S.D. Ala. Aug. 1, 2012) (Steele, C.J.).

relying on evidence of Hubbard's ability 'to perform basic personal tasks,' the district court affirmed based on its own post hoc rationale[,]" and it "decline[d] to affirm using reasoning that 'might have supported the ALJ's conclusion' but was not offered by the ALJ himself." *Id.* (quoting *Owens*, 748 F.2d at 1516). In *Dempsey v. Commissioner of Social Security*, 454 F. App'x 729, 732 (11th Cir. 2011) (per curiam) (unpublished), the Eleventh Circuit rejected the Commissioner's *post hoc* rationale that 'might have supported the ALJ's conclusion[]' " to reject a treating physician's opinion when "the ALJ did not offer this explanation in his decision." 454 F. App'x at 733 (quoting *Owens*, 748 F.2d at 1516).[3]

The Commissioner does not attempt to distinguish *Dempsey* or *Hubbard*, instead dismissing them as "lack[ing] precedential value (because they are unpublished)" and claiming that they, like *Winschel*, do not "purport[] to expand

---

[3] *See also Tavarez v. Comm'r of Soc. Sec.*, No. 15-11860, 2016 WL 75424, at *7 (11th Cir. Jan. 7, 2016) (per curiam) (unpublished) ("[W]e conclude that the ALJ's clearly articulated grounds for his decision to discredit Tavarez's medical opinion evidence are not supported by substantial evidence. *See Winschel*, 631 F.3d at 1179. To the extent that the Commissioner identifies other record evidence that supports the ALJ's decision, we do not know whether this evidence formed the basis of the ALJ's determinations, and we will not affirm 'simply because some rationale might have supported the ALJ's conclusions.' *See id.* at 1179."). *But see McGriff v. Comm'r, Soc. Sec. Admin.*, No. 15-14585, 2016 WL 3553213, at *3 (11th Cir. June 30, 2016) (per curiam) (unpublished) ("McGriff contends that the district court wrongly 'correct[ed] or rehabilitate[d] the [ALJ's] decision,' instead of reviewing it. In support of that argument, she points to the following portion of the magistrate judge's report and recommendation: 'The ALJ accorded little weight to the opinion of [McGriff's treating physician], stating that "they are inconsistent with his own findings on examination and are unsupported by the weight of the evidence of record." (Tr. 86). This is a broad, generalized statement made all the more unhelpful by the fact that the ALJ did not bother to point to any particular records of [McGriff's treating physician] which were inconsistent with his opinion.' Immediately after the portion of the report and recommendation that McGriff quotes, the magistrate judge goes on to state that his review of the administrative record confirmed that the treating physician's opinion was in fact inconsistent with his own medical records and the records of another physician, which supported the ALJ's conclusions. We can discern no error in that reasoning.").

[*Owens*'s] scope." (Doc. 23-1 at 5). While the Commissioner is correct that neither *Dempsey* nor *Hubbard* is binding on this Court, they may be, and in this case have been, cited as persuasive authority supporting a more expansive application of *Owens* than the Commissioner would like. *See* 11th Cir. R. 36-2; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam). The Commissioner has cited no authority that clearly contradicts *Dempsey* or *Hubbard*, and her arguments for a more limited application of *Owens* amount to a mere disagreement over how existing precedent should be interpreted, which does not rise to the level of a "manifest error of law" justifying relief under Rule 59(e).[4]  *See, e.g., Lee v. Thomas*, Civil Action No. 10-0587-WS-M, 2012 WL 3137901, at *2 (S.D. Ala. Aug. 1, 2012) (Steele, C.J.) ("manifest error" not shown where movant simply disagrees with the court's reasoning or conclusions).

The Court also disagrees that it committed a "manifest error of fact" in characterizing the ALJ's explanation as a "summary citation" to Exhibits B10F and B16F. As has already been explained, an ALJ "must clearly articulate the reasons" for assigning less than substantial weight to a treating physician's opinion. Here, the ALJ found that Dr. Pita's opinion was "inconsistent with the examination notes

---

[4] To the extent the Commissioner argues that *Owens*, *Winschel*, *Dempsey*, and *Hubbard* are in conflict with "prior panel precedent" in this Circuit requiring scrutiny of the record as a whole, this argument is meritless. As has been explained, the duty to scrutinize the record as a whole applies to determining whether an ALJ's factual determinations are supported by substantial evidence. On the other hand, the failure to clearly state "good cause" for assigning less than substantial weight to a treating physician's opinion is an error of law that mandates reversal because, in the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.

and reports in Exhibits B10F and B16F" but failed to "clearly articulate" how any portion of those exhibits, collectively consisting of over seventy pages of medical records, was in fact inconsistent with Dr. Pita's opinion. While the Commissioner is correct that the ALJ more extensively discussed specific portions those two exhibits elsewhere in his decision, the ALJ's failure to clearly link any of it to his discussion of Dr. Pita's opinion means the Court can only speculate (and, thus, engage in impermissible *post hoc* rationalization) as to which of these specific portions, if any, formed the basis of the ALJ's reasoning regarding Dr. Pita's opinion. The Court also cited two persuasive decisions finding that similar conclusory statements are insufficient to show "good cause" for rejecting a treating physician's opinion, *see Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 417-18 (11th Cir. 2015) (per curiam) (unpublished) ("[T]he ALJ stated Dr. Hasbun's opinion about Perez's limitations contradicted Dr. Hasbun's own contemporaneous treatment notes; however, this statement was conclusory, because the ALJ did not identify any contradictions. The ALJ listed several medical findings after making this statement, but those findings all came from consulting the report of the examining physician, Dr. Meruelo. To the extent the ALJ relied upon a purported contradiction between Dr. Hasbun's treatment notes and assessment of Perez's abilities, the explanation is insufficient. *See Phillips*, 357 F.3d at 1241."); *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) ("[C]onclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ

articulates factual support for such a conclusion."), and the Commissioner has cited no binding authority clearly contradicting those decisions. Thus, no "manifest error" has been shown in this regard.

## IV.   Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** this the 1st day of August 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**